DAVID CHIU, State Bar #189542
City Attorney
AUDREY W. PEARSON, State Bar #178414
KATHY J. SHIN, State Bar #318185
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4700
Facsimile:    (415) 554-4757
E-Mail:    audrey.pearson@sfcityatty.org
        kathy.shin@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIFTH CHURCH OF CHRIST, SCIENTIST IN SAN FRANCISCO, CALIFORNIA, a California religious corporation; FORGE DEVELOPMENT PARTNERS LLC, a California limited liability company; TL 450, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO; CITY AND COUNTY OF SAN FRANCISCO PLANNING COMMISSION; SAN FRANCISCO BOARD OF SUPERVISORS, and DOES 1-25, <br><br> Defendants. | Case No. 4:22-cv-01608-YGR <br><br> **ANSWER TO COMPLAINT** <br><br><br> Trial Date:        None Set |

Defendant City and County of San Francisco (sued herein as City and County of San Francisco, City and County of San Francisco Planning Commission, and San Francisco Board of Supervisors [collectively "Defendant" or "the City"]) hereby responds to the Complaint and Demand

for Jury Trial filed by Plaintiffs Fifth Church of Christ, Scientist in San Francisco, California; Forge Development Partners, LLC; and TL 450, LLC (collectively "Plaintiffs") as follows:

**NATURE OF ACTION**

1.    Answering the allegations contained in paragraph 1, the City admits that this action is commenced by Plaintiffs and otherwise denies each and every remaining allegation in the paragraph.

2.    Answering the allegations contained in paragraph 2, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

3.    Answering the allegations contained in paragraph 3, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

4.    Answering the allegations contained in paragraph 4, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

5.    Answering the allegations contained in paragraph 5, these allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 5.

6.    Answering the allegations contained in paragraph 6, these allegations consist of legal declarations that require no response. To the extent that further response is required, the City denies the allegations.

**JURISDICTION**

7.    Answering the allegations contained in paragraph 7, these allegations consist of legal theories and argument of counsel that require no response. To the extent that further response is required, the City denies the allegations.

8.    Answering the allegations contained in paragraph 8, these allegations consist of legal theories and argument of counsel that require no response. To the extent that further response is required, the City denies the allegations.

///

1

**DIVISIONAL ASSIGNMENT**

2     9.     Answering the allegations contained in paragraph 9, the City admits that the City is

3     located in the Northern District of California of the United States District. Answering the remaining

4     allegations contained in paragraph 9, these allegations either consist of legal theories and argument of

5     counsel that require no response, or the City lacks sufficient information or knowledge to form a belief

6     as to the truth of the allegations, and on these grounds denies the allegations.

7

**PARTIES**

8     10.     Answering the allegations contained in paragraph 10, the City lacks sufficient

9     information or knowledge to form a belief as to the truth of the allegations, and denies the same on

10    that basis.

11    11.     Answering the allegations contained in paragraph 11, the City lacks sufficient

12    information or knowledge to form a belief as to the truth of the allegations, and denies the same on

13    that basis.

14    12.     Answering the allegations contained in paragraph 12, the City lacks sufficient

15    information or knowledge to form a belief as to the truth of the allegations, and denies the same on

16    that basis.

17    13.     Answering the allegations contained in paragraph 13, the City admits that it is a

18    municipal corporation located in San Francisco, California, with a street address at 1 Dr. Carlton B.

19    Goodlett Place, San Francisco, California 94102. Except as expressly admitted, the City denies any

20    remaining allegations in paragraph 13.

21    14.     Answering the allegations contained in paragraph 14, the City admits that the Planning

22    Commission is established pursuant to Section 4.105 of the Charter of the City and County of San

23    Francisco ("Charter"). Except as expressly admitted, the City denies any remaining allegations in

24    paragraph 14.

25    15.     Answering the allegations contained in paragraph 15, the City admits that the San

26    Francisco Board of Supervisors ("Board") is a policy making, legislative, and quasi-judicial municipal

27    body that is authorized to hear administrative appeals pursuant to the Charter and the City's municipal

28    codes. Except as expressly admitted, the City denies any remaining allegations in paragraph 15.

16.     Answering the allegations contained in paragraph 16, these allegations consist of legal theories and conclusions that require no response. To the extent that further response is required, the City denies the allegations.

## FACTUAL ALLEGATIONS

17.     Answering the allegations contained in paragraph 17, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

18.     Answering the allegations contained in paragraph 18, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

19.     Answering the allegations contained in paragraph 19, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

20.     Answering the allegations contained in paragraph 20, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

21.     Answering the allegations contained in paragraph 21, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

22.     Answering the allegations contained in paragraph 22, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

23.     Answering the allegations contained in paragraph 23, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

24.     Answering the allegations contained in paragraph 24, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

25.     Answering the allegations contained in paragraph 25, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

26.     Answering the allegations contained in paragraph 26, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

27.     Answering the allegations contained in paragraph 27, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

28.     Answering the allegations contained in paragraph 28, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

29.     Answering the allegations contained in paragraph 29, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

30.     Answering the allegations contained in paragraph 30, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

31.     Answering the allegations contained in paragraph 31, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

32.     Answering the allegations contained in paragraph 32, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

33.     Answering the allegations contained in paragraph 33, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

34.     Answering the allegations contained in paragraph 34, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

35.     Answering the allegations contained in paragraph 35, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

36.     Answering the allegations contained in paragraph 36, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

37.     Answering the allegations contained in paragraph 37, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

38.     Answering the allegations contained in paragraph 38, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

39.     Answering the allegations contained in paragraph 39, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

40.     Answering the allegations contained in paragraph 40, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

41.     Answering the allegations contained in paragraph 41, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

42.     Answering the allegations contained in paragraph 42, these allegations consist of legal theories, assertions, and argument of counsel, which require no further response. To the extent that further response is required, the City denies every allegation in paragraph 42.

43.     Answering the allegations contained in paragraph 43, these allegations consist of legal theories, assertions, and argument of counsel, which require no further response. The City also lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations that may require a response, and on that basis denies every allegation in paragraph 43.

44.     Answering the allegations contained in paragraph 44, these allegations consist of legal theories and incomplete factual assertions that require no response. The City also lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations that may require a response, and on that basis denies every allegation in paragraph 44.

45.     Answering the allegations contained in paragraph 45, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

46.     Answering the allegations contained in paragraph 46, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

47.     Answering the allegations contained in paragraph 47, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

48.     Answering the allegations contained in paragraph 48, these allegations consist of legal theories, assertions, and argument of counsel, which require no further response. The City also lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations that may require a response, and on that basis denies every allegation in paragraph 48.

49.     Answering the allegations contained in paragraph 49, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

50.     Answering the allegations contained in paragraph 50, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

51.     Answering the allegations contained in paragraph 51, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

52.     Answering the allegations contained in paragraph 52, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

53.     Answering the allegations contained in paragraph 53, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

54.     Answering the allegations contained in paragraph 54, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

55.     Answering the allegations contained in paragraph 55, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

56.     Answering the allegations contained in paragraph 56, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

57.     Answering the allegations contained in paragraph 57, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

58.     Answering the allegations contained in paragraph 58, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

59.     Answering the allegations contained in paragraph 59, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

60.     Answering the allegations contained in paragraph 60, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

61.     Answering the allegations contained in paragraph 61, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

62.     Answering the allegations contained in paragraph 62, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

63.     Answering the allegations contained in paragraph 63, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

64.     Answering the allegations contained in paragraph 64, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

65.     Answering the allegations contained in paragraph 65, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

66.     Answering the allegations contained in paragraph 66, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

67.     Answering the allegations contained in paragraph 67, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

68.     Answering the allegations contained in paragraph 68, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

69.     Answering the allegations contained in paragraph 69, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

70.     Answering the allegations contained in paragraph 70, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

71.     Answering the allegations contained in paragraph 71, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

72.     Answering the allegations contained in paragraph 72, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

73.     Answering the allegations contained in paragraph 73, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

74.     Answering the allegations contained in paragraph 74, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

75.     Answering the allegations contained in paragraph 75, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

76.     Answering the allegations contained in paragraph 76, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

77.     Answering the allegations contained in paragraph 77, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

78. Answering the allegations contained in paragraph 78, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

79. Answering the allegations contained in paragraph 79, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

80. Answering the allegations contained in paragraph 80, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

81. Answering the allegations contained in paragraph 81, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

82. Answering the allegations contained in paragraph 82, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

83. Answering the allegations contained in paragraph 83, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

84. Answering the allegations contained in paragraph 84, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

85. Answering the allegations contained in paragraph 85, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

86. Answering the allegations contained in paragraph 86, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

87.     Answering the allegations contained in paragraph 87, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

88.     Answering the allegations contained in paragraph 88, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

89.     Answering the allegations contained in paragraph 89, the City lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and denies the allegations on that basis.

90.     Answering the allegations contained in paragraph 90, the City admits that in 2013 the authorized agent of Fifth Church of Christ, Scientist, Richard Hannum ("Applicant"), filed an application for a Preliminary Project Assessment ("PPA") with the San Francisco Planning Department, and that the Department prepared the PPA requested. Except as expressly admitted, the City denies any remaining allegations in paragraph 90.

91.     Answering the allegations contained in paragraph 91, the City admits the project described in the PPA application proposed to demolish the Fifth Church of Christ, Scientist's existing facilities at 450 O'Farrell Street and build a new 130-foot mixed use building with a mixture of residential uses (97 dwelling units and 74 group housing units), new church facilities, retail, and parking. Except as expressly admitted, the City denies any remaining allegations in paragraph 91.

92.     Answering the allegations contained in paragraph 92, the City admits that after receiving the PPA, the Applicant submitted Application No. 2013.1535CUA for a project that would entail merging the lots at 450-474 O'Farrell Street and 532 Jones Street ("the Project Site"). Except as expressly admitted, the City denies any remaining allegations in paragraph 92.

93.     Answering the allegations contained in paragraph 93, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

///

94.     Answering the allegations contained in paragraph 94, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

95.     Answering the allegations contained in paragraph 95, these allegations consist of legal theories, assertions, and argument of counsel, and require no further response. To the extent that further response is required, the City denies the allegations.

96.     Answering the allegations contained in paragraph 96, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

97.     Answering the allegations contained in paragraph 97, the City denies the allegations.

98.     Answering the allegations contained in paragraph 98, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

99.     Answering the allegations contained in paragraph 99, the City admits the Planning Department determined that the three existing buildings at the Project Site, including the existing church building, were historic architectural resources contributing to the Uptown Tenderloin National Register Historic District, and that demolition of the buildings qualified as a potentially significant impact to cultural resources under State guidelines implementing the California Environmental Quality Act ("CEQA"). Except as expressly admitted, the City denies each and every allegation in paragraph 99.

100.    Answering the allegations contained in paragraph 100, the City admits that the Planning Department worked with environmental consultant and the Applicant to prepare an Initial Study for the project (hereafter "Original Project") underlying Application No. 2013.1535CUA. Except as expressly admitted, the City denies each and every allegation in paragraph 100.

101.    Answering the allegations contained in paragraph 101, the City denies the allegations.

102.    Answering the allegations contained in paragraph 102, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

103.    Answering the allegations contained in paragraph 103, the City admits that on September 8, 2015, 450 O'Farrell Partners, LLC and Fifth Church of Christ Scientist submitted Application No. 2013.1535CUA for a Conditional Use Authorization ("CUA," also known as a

conditional use permit). Except as expressly admitted, the City denies each and every allegation in paragraph 103.

104.    Answering the allegations contained in paragraph 104, the City admits that Application No. 2013.1535CUA proposed the demolition of three buildings at the Project Site. Except as expressly admitted, the City denies each and every allegation in paragraph 104.

105.    Answering the allegations contained in paragraph 105, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

106.    Answering the allegations contained in paragraph 106, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

107.    Answering the allegations contained in paragraph 107, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

108.    Answering the allegations contained in paragraph 108, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

109.    Answering the allegations contained in paragraph 109, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

110.    Answering the allegations contained in paragraph 110, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

111.    Answering the allegations contained in paragraph 111, these allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 111.

112.    Answering the allegations contained in paragraph 112, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

113.    Answering the allegations contained in paragraph 113, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

114.     Answering the allegations contained in paragraph 114, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

115.     Answering the allegations contained in paragraph 115, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

116.     Answering the allegations contained in paragraph 116, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

117.     Answering the allegations contained in paragraph 117, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

118.     Answering the allegations contained in paragraph 118, the City admits that based on the Initial Study, the Planning Department determined that an Environmental Impact Report ("EIR") was required for the Original Project. Except as expressly admitted, the City denies each and every allegation in paragraph 118.

119.     Answering the allegations contained in paragraph 119, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

120.     Answering the allegations contained in paragraph 120, the City admits that on October 25, 2017, the Planning Department published a Draft EIR for public review, which was available for public comment until December 11, 2017. Except as expressly admitted, the City denies each and every allegation in paragraph 120.

121.     Answering the allegations contained in paragraph 121, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

///

122.    Answering the allegations contained in paragraph 122, the City admits that the Planning Commission held a public hearing on the Draft EIR on November 30, 2017. Except as expressly admitted, the City denies each and every allegation in paragraph 122.

123.    Answering the allegations contained in paragraph 123, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

124.    Answering the allegations contained in paragraph 124, the City admits that on September 13, 2018, the Planning Commission held a hearing on Application No. 2013.1535CUA and a hearing on the certification of the Final EIR, and that following the requisite public hearings the Commission certified the EIR, adopted findings required under CEQA, and approved the requested CUA subject to the conditions of approval specified in Planning Commission Motion No. 20281. Except as expressly admitted, the City denies each and every allegation in paragraph 124.

125.    Answering the allegations contained in paragraph 125, the City denies the allegations.

126.    Answering the allegations contained in paragraph 126, the City lacks sufficient information at this time to form a belief as to the truth of the allegations, and denies the allegations on that basis. The City reserves the right to supplement this answer as necessary with further discovery.

127.    Answering the allegations contained in paragraph 127, the City admits that the Original Project was approved and that the project approval did not require the Applicant to preserve the façade of buildings existing at the Project Site. Except as expressly admitted, the City denies each and every allegation in paragraph 127.

128.    Answering the allegations contained in paragraph 128, the City admits that San Francisco Heritage ("Heritage") appealed the Planning Commission's approval of the CUA for the Original Project. The City further admits that Heritage appealed the Commission's certification of the Final EIR and raised concerns over demolition of an historic resource in this appeal. Except as expressly admitted, the City denies each and every allegation in paragraph 128.

129.    Answering the allegations contained in paragraph 129, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

130.     Answering the allegations contained in paragraph 130, the City admits that Heritage withdrew its appeal, and on November 13, 2018 the Board of Supervisors voted to affirm the Planning Commission's certification of the Final EIR and the Commission's approval of the CUA for the Original Project.

131.     Answering the allegations contained in paragraph 131, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

132.     Answering the allegations contained in paragraph 132, the City admits that the San Francisco Department of Building Inspection approved a site permit for the Original Project on May 13, 2020. Except as expressly admitted, the City denies each and every allegation in paragraph 132.

133.     Answering the allegations contained in paragraph 133, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

134.     Answering the allegations contained in paragraph 134, these allegations consist of characterization of facts and contentions and argument of counsel that require no response. To the extent that further response is required, the City denies every allegation in paragraph 134.

135.     Answering the allegations contained in paragraph 135, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

136.     Answering the allegations contained in paragraph 136, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

137.     Answering the allegations contained in paragraph 137, the City admits that on January 24, 2020, Plaintiffs Forge Development Partners, LLC and Fifth Church of Christ, Scientist ("Plaintiff Applicants") filed Application No. 2013.1535CUA-02 with the Planning Department, which sought to modify the CUA approved for the Original Project to accommodate changes to the proposed development (the "Revised Project"). The City further admits that this Revised Project (as further revised through subsequent amendments to the January 2020 application) generally proposed to replace the 176 dwelling units approved for the Original Project with 316 group housing rooms and remove all residential off-street parking. Except as expressly admitted, the City denies each and every allegation in paragraph 137.

138.     Answering the allegations contained in paragraph 138, the City admits that the Revised Project also included construction of new church facilities. Except as expressly admitted, the City denies each and every allegation in paragraph 138.

139.     Answering the allegations contained in paragraph 139, the City admits that pursuant to the requirements of the City's Inclusionary Affordable Housing Program, the Revised Project proposed to include a total of 48 affordable (or "below market rate," "BMR") group housing rooms and the Original Project proposed to include a total of 28 affordable dwelling units. Except as expressly admitted, the City denies each and every allegation in paragraph 139.

140.     Answering the allegations contained in paragraph 140, the City admits that the Revised Project proposed to build 316 group housing rooms and the Original Project proposed to build 176 dwelling units. Except as expressly admitted, the City denies each and every allegation in paragraph 140.

141.     Answering the allegations contained in paragraph 141, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

142.     Answering the allegations contained in paragraph 142, the City admits that the Revised Project proposed to include "limited kitchen facilities" limited to a small counter space, a small under-counter refrigerator, a small sink, a microwave, and a small two-ring burner, as specified in the applicable restrictions on group housing rooms. Except as expressly admitted, the City denies each and every allegation in paragraph 142.

143.     Answering the allegations contained in paragraph 143, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

144.     Answering the allegations contained in paragraph 144, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

145.     Answering the allegations contained in paragraph 145, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

146.     Answering the allegations contained in paragraph 146, the City denies the allegations.

147.     Answering the allegations contained in paragraph 147, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

148.     Answering the allegations contained in paragraph 148, these allegations consist of speculation that require no response. To the extent that further response is required, the City denies every allegation in paragraph 148.

149.     Answering the allegations contained in paragraph 149, the first sentence in the paragraph consists of factual contentions and argument of counsel that require no response, and insofar as further response is required, the City denies the allegations. Answering the remaining allegations in paragraph 149, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

150.     Answering the allegations contained in paragraph 150, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

151.     Answering the allegations contained in paragraph 151, the City admits that according to the zoning districts set forth in the San Francisco Planning Code ("Code"), the Project Site is located in a Residential-Commercial ("RC-4") District. Except as expressly admitted, the City denies each and every allegation in paragraph 151.

152.     Answering the allegations contained in paragraph 152, the City admits that under Code Section 209.3, group housing rooms are permitted as a principal use in the RC-4 District at the density of one bedroom for every 70 square feet of lot area. Except as expressly admitted, the City denies each and every allegation in paragraph 152.

153.     Answering the allegations contained in paragraph 153, the City denies the allegations.

154.     Answering the allegations contained in paragraph 154, the City admits that under Section 209.3 of the Code, group housing is permitted in the RC-4 District at the density of one bedroom for every 70 square feet of lot area. Except as expressly admitted, the City denies each and every allegation in paragraph 154.

155.     Answering the allegations contained in paragraph 155, the City admits that the Housing Accountability Act ("HAA") is codified at California Government Code section 65589.5. The law speaks for itself and the remaining allegations in this paragraph consist of legal conclusions that require no further response. Except as expressly admitted, the City denies each and every allegation in paragraph 155.

156.     Answering the allegations contained in paragraph 156, the law speaks for itself and these allegations consist of statements of law that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 156.

157.     Answering the allegations contained in paragraph 157, the law speaks for itself and these allegations consist of statements of law that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 157.

158.     Answering the allegations contained in paragraph 158, the law speaks for itself and these allegations consist of statements of law that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 158.

159.     Answering the allegations contained in paragraph 159, the law speaks for itself and these allegations consist of statements of law that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 159.

160.     Answering the allegations contained in paragraph 160, the City admits that on September 15, 2020, the Department of Housing and Community Development issued a Housing Accountability Act Technical Assistance Advisory ("Advisory"). Except as expressly admitted, the City denies each and every allegation in paragraph 160.

161.     Answering the allegations contained in paragraph 161, the Advisory speaks for itself and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 161.

162.     Answering the allegations contained in paragraph 162, the Advisory speaks for itself and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 162.

163.     Answering the allegations contained in paragraph 163, the Advisory speaks for itself and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 163.

164.     Answering the allegations contained in paragraph 164, the City admits that on January 24, 2020, Plaintiff Applicants filed Application No. 2013.1535CUA-02 with the Planning Department, which sought to modify the CUA approved for the Original Project to accommodate the Revised

Project. The City further admits that the Revised Project proposed to replace 176 dwelling units approved for the Original Project with over 300 group housing bedrooms, and that the CUA for the Revised Project required amending Conditions of Approval Nos. 24, 25, 26, and 32 in Planning Commission Motion No. 20281, previously adopted for the Original Project. Except as expressly admitted, the City denies each and every allegation in paragraph 164.

165.     Answering the allegations contained in paragraph 165, the City admits that Conditions of Approval Nos. 24, 25, 26, and 32 in Planning Commission Motion No. 20281 concerned the Code requirements for off-street parking for affordable units (No. 24), car share spaces (No. 25), bicycle parking (No. 26), and San Francisco's Inclusions Affordable Housing Program (No. 32). Except as expressly admitted, the City denies each and every allegation in paragraph 165.

166.     Answering the allegations contained in paragraph 166, the City admits that the Planning Department determined that the Revised Project proposed to construct a building of similar height (130 feet) and footprint as the Original Project and to contain demolition and construction within approximately the same construction area, thereby maintaining the project within the construction "envelope" described for the original. Except as expressly admitted, the City denies each and every allegation in paragraph 166.

167.     Answering the allegations contained in paragraph 167, the City denies the allegations.

168.     Answering the allegations contained in paragraph 168, the City denies the allegations.

169.     Answering the allegations contained in paragraph 169, these allegations consist of legal theories, factual contentions, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 169.

170.     Answering the allegations contained in paragraph 170, the City admits that group housing is a permitted use in the RC-4 District, subject to the applicable zoning standards in the Code. Except as expressly admitted, the City denies each and every allegation in paragraph 170.

171.     Answering the allegations contained in paragraph 171, the City admits a Planning Commission hearing on Application No. 2013.1535CUA-02 was scheduled for January 7, 2021, and that public notice of the hearing was issued in accordance with the requirements of public meeting laws. Except as expressly admitted, the City denies each and every allegation in paragraph 171.

172.     Answering the allegations contained in paragraph 172, the City admits that the Planning Department received letters from the Tenderloin Housing Clinic ("THC") and the Tenderloin Neighborhood Development Corporation ("TNDC") in opposition to the Revised Project, and that these letters, along with any other public correspondence relating to a Planning Commission hearing, were disclosed and made publicly available on the Department's website in advance of the related hearing. The correspondence speaks for itself and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 172.

173.     Answering the allegations contained in paragraph 173, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

174.     Answering the allegations contained in paragraph 174, the City admits that the Planning Department received multiple letters from the Tenderloin Housing Clinic ("THC") and the Tenderloin Neighborhood Development Corporation ("TNDC") in opposition to the Revised Project. This correspondence was disclosed and made publicly available on the Department's website in advance of any hearing on the project. The correspondence speaks for itself and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 174.

175.     Answering the allegations contained in paragraph 175, respecting the first sentence in this paragraph, the City incorporates the answer it gave to paragraph 174 above, concluding that public correspondence speaks for itself and no further response is required. Answering the remaining allegations in paragraph 175, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

176.     Answering the allegations contained in paragraph 176, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

177.     Answering the allegations contained in paragraph 177, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

178.     Answering the allegations contained in paragraph 178, the City admits that in or around April 2021, Plaintiff Applicants amended the plans for the Revised Project by adding some larger group housing rooms in response to expressed community concerns about the need for family-sized

units in the Tenderloin neighborhood. Except as expressly admitted, the City denies each and every allegation in paragraph 178.

179.    Answering the allegations contained in paragraph 179, the City admits that the Planning Commission hearing on Application No. 2013.1535CUA-02 originally scheduled for January 7, 2021 was continued at the Plaintiff Applicant's request, and thereafter further continued at the Plaintiff Applicant's request to allow additional time for community engagement. Except as expressly admitted, the City denies each and every allegation in paragraph 179.

180.    Answering the allegations contained in paragraph 180, the City admits that the Planning Commission hearing on Application No. 2013.1535CUA-02 originally scheduled for January 7, 2021 was continued to January 21, 2021, and subsequently continued to February 4, 2021, March 11, 2021, April 1, 2021, and April 15, 2021. The City further admits that on April 15, 2021, the Planning Commission heard two versions of the Revised Project and that the most recent version presented by the Plaintiff Applicants, presented as "Version 3," required revisions to the EIR Addendum prepared for Version 2 of the project, and that Version 3 also presented outstanding Code compliance issues that had not been resolved by the April 15 hearing. In order to consider approving Version 3 of the project, the Planning Commission continued its hearing on the CUA-2 application until June 10, 2021. Except as expressly admitted, the City denies each and every allegation in paragraph 180.

181.    Answering the allegations contained in paragraph 181, the City denies the allegations.

182.    Answering the allegations contained in paragraph 182, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

183.    Answering the allegations contained in paragraph 183, the City admits that the Planning Department received letters in support of the Revised Project, including from YIMBY Law, Project Access, and the SF Housing Action Coalition. This correspondence was disclosed and made publicly available on the Department's website in advance of any hearing on the project. The correspondence speaks for itself and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 183.

///

184.     Answering the allegations contained in paragraph 184, public correspondence relating to the Revised Project speaks for itself and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 184.

185.     Answering the allegations contained in paragraph 185, public correspondence and public comments relating to the Revised Project is public information made available on the Planning Department's website, and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 185.

186.     Answering the allegations contained in paragraph 186, the City admits that on April 15, 2021, the Planning Commission heard Application No. 2013.1535CUA-02 and no vote was taken on the application at the conclusion of that hearing because the Plaintiff Applicants had recently revised the project in a manner that required further review, as explained in the City's answer to paragraph 180 of the Complaint which is incorporated herein. Except as expressly admitted, the City denies each and every allegation in paragraph 186.

187.     Answering the allegations contained in paragraph 187, the City admits that on June 10, 2021, the Planning Commission voted to continue the hearing on Application No. 2013.1535CUA-02 to June 24, 2021. Except as expressly admitted, the City denies each and every allegation in paragraph 187.

188.     Answering the allegations contained in paragraph 188, the City admits that the Plaintiff Applicants modified the Revised Project in response to expressed concerns from the community. Except as expressly admitted, the City denies each and every allegation in paragraph 188.

189.     Answering the allegations contained in paragraph 189, the City admits that on June 24, 2021, the Planning Commission voted 4-2, with one absence, to adopt Motion No. 20935 and approve Application No. 2013.1535CUA-02 for the Revised Project. Except as expressly admitted, the City denies each and every allegation in paragraph 189.

190.     Answering the allegations contained in paragraph 190, the City denies the allegations.

191.     Answering the allegations contained in paragraph 191, the City admits that the Planning Department determined that Version 2 of the project presented to the Planning Commission on April 15, 2021 was adequately reviewed in the addendum to the Final EIR published on December 21, 2020.

The City further admits that the Department determined Version 3 of the project required revisions to the December 2020 addendum, and as required by CEQA, the Department published a second addendum to the EIR ("Second Addendum") on June 17, 2021, before the Planning Commission approved the CUA for the Revised Project on June 24, 2021. The City lacks sufficient information at this time to form a belief as to the truth of the remaining allegations, and denies the allegations on that basis, reserving the right to supplement this answer as necessary with further discovery. Except as expressly admitted, the City denies each and every allegation in paragraph 191.

192.    Answering the allegations contained in paragraph 192, the City admits that on July 21, 2021, THC and the Pacific Bay Inn appealed the Planning Commission's approval of the CUA for the Revised Project to the Board of Supervisors ("Board"). Except as expressly admitted, the City denies each and every allegation in paragraph 192.

193.    Answering the allegations contained in paragraph 193, appeal letters accepted by the Clerk of the Board are made publicly accessible on the City's website in advance of any hearing on the appeal. The correspondence speaks for itself and no further response is required. To the extent that further response is required, the City denies every allegation in paragraph 193.

194.    Answering the allegations contained in paragraph 194, the City admits that in its response to the appeal from the Pacific Bay Inn, the Planning Department determined that issues relating to the adequacy of the Second Addendum were distinct from issues relating to the approval of the CUA for the Revised Project. Except as expressly admitted, the City denies each and every allegation in paragraph 194.

195.    Answering the allegations contained in paragraph 195, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

196.    Answering the allegations contained in paragraph 196, the City admits that the Pacific Bay Inn withdrew its appeal of the CUA for the Revised Project, citing to "a late agreement reached with Forge" that addressed its concerns, before the Board's action on appeal on September 28, 2021. Except as expressly admitted, the City denies each and every allegation in paragraph 196.

197.    Answering the allegations contained in paragraph 197, THC's letter appealing the CUA for the Revised Project and the appellant's presentation at the appeal hearing on September 28, 2021 is

public information available on the City's website. The appellant's letter and presentation cite multiple grounds for the appeal, and no further response is required. To the extent that further response is required, the City denies every allegation in paragraph 197.

198.   Answering the allegations contained in paragraph 198, the provisions of the Planning Code speak for themselves, and the first sentence in paragraph 198 consists of legal conclusions that require no further response. Answering the remaining allegations in the paragraph, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

199.   Answering the allegations contained in paragraph 199, the appellant's appeal letter and presentation is public information that speak for themselves, and the allegations consist of factual contentions, legal theories, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 199.

200.   Answering the allegations contained in paragraph 200, the City lacks information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

201.   Answering the allegations contained in paragraph 201, the allegations consist of legal conclusions, factual contentions, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 201.

202.   Answering the allegations contained in paragraph 202, the City admits that on August 30, 2021, the Planning Department submitted a memorandum respecting the appeal of the Planning Commission's approval of the CUA for Revised Project, which states the reasons for the Commission's action and Department's recommendation to uphold the action. The memorandum speaks for itself, and the balance of the allegations in paragraph 202 consist of interpretations of the memorandum and argument of counsel that require no further response. Except as expressly admitted, the City denies each and every allegation in paragraph 202.

203.   Answering the allegations contained in paragraph 203, these allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 203.

204.     Answering the allegations contained in paragraph 204, these allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 204.

205.     Answering the allegations contained in paragraph 205, the City admits that on September 28, 2021, the Board heard the appeal of the CUA for the Revised Project. Except as expressly admitted, the City denies each and every allegation in paragraph 205.

206.     Answering the allegations contained in paragraph 206, THC's appeal letter and presentation at the appeal hearing is public information that speak for themselves, and the allegations consist of factual contentions, legal theories, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 206.

207.     Answering the allegations contained in paragraph 207, THC's appeal letter and presentation at the appeal hearing is public information that speak for themselves, and the allegations consist of factual contentions, legal theories, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 207.

208.     Answering the allegations contained in paragraph 208, the City denies the allegations.

209.     Answering the allegations contained in paragraph 209, THC's presentation at the appeal hearing is public information that speaks for itself, and the allegations consist of characterization of facts and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 209.

210.     Answering the allegations contained in paragraph 210, the video recording of the September 28, 2021 Board hearing on the appeal is public information readily accessible on the City's website. The recording speaks for itself, and the allegations in paragraph 210 consist of characterization of facts and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 210.

211.     Answering the allegations contained in paragraph 211, the video recording of the September 28, 2021 Board hearing on the appeal is public information that speaks for itself, and the allegations consist of characterization of facts and argument of counsel that require no further

response. To the extent that further response is required, the City denies every allegation in paragraph 211.

212.     Answering the allegations contained in paragraph 212, the video recording of the September 28, 2021 Board hearing on the appeal is public information that speaks for itself, and the allegations consist of characterization of facts and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 212.

213.     Answering the allegations contained in paragraph 213, the City admits that on September 28, 2021, at the conclusion of the hearing on the appeal of the CUA for the Revised Project, the Board voted to continue its deliberations on the matter to October 5, 2021. Except as expressly admitted, the City denies each and every allegation in paragraph 213.

214.     Answering the allegations contained in paragraph 214, these allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 214.

215.     Answering the allegations contained in paragraph 215, the video recording of the October 5, 2021 Board hearing on the Revised Project is public information that speaks for itself, and the allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 215.

216.     Answering the allegations contained in paragraph 216, these allegations consist of legal theories, characterization of facts, and argument of counsel, which require no further response. To the extent that further response is required, the City denies every allegation in paragraph 216.

217.     Answering the allegations contained in paragraph 217, the City admits that on October 5, 2021, the Board voted to approve Motion No. M21-138 and thereby disapprove the decision in Planning Commission Motion No. 20935 granting the CUA for the Revised Project. The City further admits that the Board directed the preparation of written findings memorializing the grounds for its decision. The remaining allegations consist of legal theories, characterization of facts, and argument of

counsel, which require no further response. Except as expressly admitted, the City denies every allegation in paragraph 218.

218.    Answering the allegations contained in paragraph 218, these allegations consist of efforts to characterize the Board's action on the appeal of the CUA for the Revised Project in light of legal theories and arguments of counsel, and require no further response. As to any remaining allegations, the City lacks information sufficient to form a belief as to their truth, and denies the allegations on that basis.

219.    Answering the allegations contained in paragraph 219, these allegations consist of legal theories, characterization of facts, and argument of counsel, which require no further response. To the extent that further response is required, the City denies every allegation in paragraph 219.

220.    Answering the allegations contained in paragraph 220, these allegations consist of legal theories and conclusions, characterization of facts, and argument of counsel, and require no further response. To the extent that further response is required, the City denies every allegation in paragraph 220.

221.    Answering the allegations contained in paragraph 221, the City denies the allegations.

222.    Answering the allegations contained in paragraph 222, the City denies the allegations.

223.    Answering the allegations contained in paragraph 223, the City admits that on November 22, 2021, the California Department of Housing and Community Development sent a letter of inquiry and technical support to the Planning Department. The letter is a public document that speaks for itself, and no further response is required. Except as expressly admitted, the City denies every allegation in paragraph 223.

224.    Answering the allegations contained in paragraph 224, as stated in the City's response to paragraph 223, the referenced letter is a public document that speaks for itself, and the allegations in paragraph 224 consist of characterization of facts and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 224.

225.    Answering the allegations contained in paragraph 225, the City admits that on December 14, 2021, the Board approved Motion No. M21-172, adopting written findings that

memorialize the grounds for its decision to disapprove the decision in Planning Commission Motion No. 20935. The Board's motion is a public document that speaks for itself, and the remaining allegations in paragraph 225 consist of legal theories and conclusions and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 225.

226.    Answering the allegations contained in paragraph 226, these allegations consist of legal theories and conclusions and argument of counsel, which require no further response. To the extent that further response is required, the City denies every allegation in paragraph 226.

227.    Answering the allegations contained in paragraph 227, these allegations consist of legal conclusions, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 227.

228.    Answering the allegations contained in paragraph 228, the Board's motion concerning the Revised Project is a public document that speaks for itself, and the allegations consist of legal conclusions, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 228.

229.    Answering the allegations contained in paragraph 229, these allegations consist of legal conclusions, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 229.

230.    Answering the allegations contained in paragraph 230, the Board's actions on projects within its jurisdiction are part of the public record and speak for themselves; the allegations consist of legal conclusions, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 230.

231.    Answering the allegations contained in paragraph 231, the details of plans subject to the Board's jurisdiction are in the public record and speak for themselves; the allegations consist of legal conclusions, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 231.

232.    Answering the allegations contained in paragraph 232, the City admits that on December 30, 2021, Yes In My Back Yard ("YIMBY"), a nonprofit corporation, filed a petition for

writ of mandate and a complaint for declaratory relief (hereafter "Petition") in *Yes In My Back Yard et al. v. City and County of San Francisco et al.* (Case No. CPF-21-517651), currently pending in San Francisco Superior Court. The Petition alleges causes of action based on the Board's disapproval of the CUA for the Revised Project, the same basis for the causes of action in the Complaint, and names the City as respondent and defendant and Plaintiffs as real parties in interest. Except as expressly admitted, the City denies each and every allegation in paragraph 232.

233.    Answering the allegations contained in paragraph 233, the Petition is part of the public record, and the allegations consist of legal contentions and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 233.

234.    Answering the allegations contained in paragraph 234, these allegations consist of legal theories and contentions, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 234.

235.    Answering the allegations contained in paragraph 235, the language in Government Code section 65589.5 speaks for itself and the allegations in this paragraph consist of legal theories and conclusions and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 235.

236.    Answering the allegations contained in paragraph 236, the language in Government Code section 65589.5 speaks for itself and the allegations in this paragraph consist of legal theories and conclusions and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 236.

237.    Answering the allegations contained in paragraph 237, the Advisory speaks for itself and no further response is required. Except as expressly admitted, the City denies each and every allegation in paragraph 237.

238.    Answering the allegations contained in paragraph 238, the law speaks for itself and these allegations consist of statements of law that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 238.

239.     Answering the allegations contained in paragraph 239, these allegations consist of legal theories, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 239.

240.     Answering the allegations contained in paragraph 240, these allegations consist of legal theories, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 240.

241.     Answering the allegations contained in paragraph 241, the City admits that actions of the Board are part of the public record and can be found according to legislative file information (or Board File Nos.) on the City's website at https://sfgov.legistar.com/Legislation.aspx. This record speaks for itself and the remaining allegations consist of legal theories, characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 241.

242.     Answering the allegations contained in paragraph 242, the City lacks information sufficient to form a belief as to their truth, and the allegations also consist of unsupported factual contentions and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 242.

243.     Answering the allegations contained in paragraph 243, the City lacks information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

244.     Answering the allegations contained in paragraph 244, the City lacks information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

245.     Answering the allegations contained in paragraph 245, these allegations consist of legal theories, factual contentions, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 245.

246.     Answering the allegations contained in paragraph 246, the City lacks information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

247.    Answering the allegations contained in paragraph 247, the City lacks information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

248.    Answering the allegations contained in paragraph 248, the City lacks information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

249.    Answering the allegations contained in paragraph 249, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 249.

250.    Answering the allegations contained in paragraph 250, the City lacks information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

251.    Answering the allegations contained in paragraph 251, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 251.

252.    Answering the allegations contained in paragraph 252, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 252.

253.    Answering the allegations contained in paragraph 253, the video recording of the October 5, 2021 Board hearing on the Revised Project is publicly available and speaks for itself, and the allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 253.

254.    Answering the allegations contained in paragraph 254, the video recording of the October 5, 2021 Board hearing on the Revised Project is publicly available and speaks for itself, and the allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 254.

255.     Answering the allegations contained in paragraph 255, video recordings of Public Commission hearings are part of the public record and speaks for itself, and the allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 255.

256.     Answering the allegations contained in paragraph 256, the City denies the allegations.

257.     Answering the allegations contained in paragraph 257, the plans for the Revised Project are in the public record and speak for themselves, and the allegations consist of legal theories, characterization of facts, and argument of counsel, which require no response. To the extent that further response is required, the City denies every allegation in paragraph 257.

258.     Answering the allegations contained in paragraph 258, the City lacks information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

259.     Answering the allegations contained in paragraph 259, these allegations consist of legal theories and conclusions, factual contentions, and argument of counsel that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 259.

260.     Answering the allegations contained in paragraph 260, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 260.

261.     Answering the allegations contained in paragraph 261, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 261.

262.     Answering the allegations contained in paragraph 262, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 262.

263.     Answering the allegations contained in paragraph 263, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 263.

264.    Answering the allegations contained in paragraph 264, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 264.

265.    Answering the allegations contained in paragraph 265, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 265.

266.    Answering the allegations contained in paragraph 266, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 266.

267.    Answering the allegations contained in paragraph 267, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 267.

268.    Answering the allegations contained in paragraph 268, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 268.

269.    Answering the allegations contained in paragraph 269, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 269.

270.    Answering the allegations contained in paragraph 270, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 270.

271.    Answering the allegations contained in paragraph 271, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 271.

272.    Answering the allegations contained in paragraph 272, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 272.

273.    Answering the allegations contained in paragraph 273, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 273.

274.    Answering the allegations contained in paragraph 274, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 274.

**COUNT I**

275.    Answering the allegations contained in paragraph 275, the City incorporates by reference all preceding paragraphs of this Answer as if fully restated herein. Except as expressly admitted, the City denies the allegations in paragraph 275.

276.    Answering the allegations contained in paragraph 276, the City denies each and every allegation in this paragraph.

**COUNT II**

277.    Answering the allegations contained in paragraph 277, the City incorporates by reference all preceding paragraphs of this Answer as if fully restated herein. Except as expressly admitted, the City denies the allegations in paragraph 277.

278.    Answering the allegations contained in paragraph 278, the City denies each and every allegation in this paragraph.

**COUNT III**

279.    Answering the allegations contained in paragraph 279, the City incorporates by reference all preceding paragraphs of this Answer as if fully restated herein. Except as expressly admitted, the City denies the allegations in paragraph 279.

280.    Answering the allegations contained in paragraph 280, the City denies each and every allegation in this paragraph.

281.    Answering the allegations contained in paragraph 281, the City denies each and every allegation in this paragraph.

///

///

1

**COUNT IV**

2

282.    Answering the allegations contained in paragraph 282, the City incorporates by

3

reference all preceding paragraphs of this Answer as if fully restated herein. Except as expressly

4

admitted, the City denies the allegations in paragraph 282.

5

283.    Answering the allegations contained in paragraph 283, the City denies each and every

6

allegation in this paragraph.

7

284.    Answering the allegations contained in paragraph 284, the City denies each and every

8

allegation in this paragraph.

9

**COUNT V**

10

285.    Answering the allegations contained in paragraph 285, the City incorporates by

11

reference all preceding paragraphs of this Answer as if fully restated herein. Except as expressly

12

admitted, the City denies the allegations in paragraph 285.

13

286.    Answering the allegations contained in paragraph 286, the City denies each and every

14

allegation in this paragraph.

15

287.    Answering the allegations contained in paragraph 287, these allegations consist of legal

16

theories and conclusions that require no further response. To the extent that further response is

17

required, the City denies every allegation in paragraph 287.

18

288.    Answering the allegations contained in paragraph 288, the law speaks for itself and

19

these allegations consist of statements of law that require no further response. To the extent that

20

further response is required, the City denies every allegation in paragraph 288.

21

289.    Answering the allegations contained in paragraph 289, the law speaks for itself and

22

these allegations consist of statements of law and legal theories and conclusions that require no further

23

response. To the extent that further response is required, the City denies every allegation in paragraph

24

289.

25

290.    Answering the allegations contained in paragraph 290, the law speaks for itself and

26

these allegations consist of legal theories and conclusions that require no further response. To the

27

extent that further response is required, the City denies every allegation in paragraph 290.

28

291.     Answering the allegations contained in paragraph 291, the law speaks for itself and these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 291.

292.     Answering the allegations contained in paragraph 292, the City denies each and every allegation in this paragraph.

293.     Answering the allegations contained in paragraph 293, the law speaks for itself and these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 293.

294.     Answering the allegations contained in paragraph 294, the law speaks for itself and these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 294.

295.     Answering the allegations contained in paragraph 295, the law speaks for itself and these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 295.

296.     Answering the allegations contained in paragraph 296, the City denies each and every allegation in this paragraph.

297.     Answering the allegations contained in paragraph 297, these allegations consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies every allegation in paragraph 297.

298.     Answering the allegations contained in paragraph 298, these allegations consist of legal theories and conclusions, characterization of facts, and argument of counsel, and require no further response. To the extent that further response is required, the City denies the allegations in paragraph 298.

299.     Answering the allegations contained in paragraph 299, the City denies each and every allegation in this paragraph.

300.     Answering the allegations contained in paragraph 300, the San Francisco Planning Code and the Planning Commission's actions on the Revised Project are in the public record and speak for themselves, and the allegations in paragraph 300 consist of legal theories and conclusions,

characterization of facts, and argument of counsel that require no further response. To the extent that further response is required, the City denies each and every allegation in the paragraph.

301.    Answering the allegations contained in paragraph 301, the City denies each and every allegation in this paragraph.

302.    Answering the allegations contained in paragraph 302, the City denies each and every allegation in this paragraph.

303.    Answering the allegations contained in paragraph 303, the City denies each and every allegation in this paragraph.

304.    Answering the allegations contained in paragraph 304, these allegations consist of legal theories and conclusions, characterization of facts, and argument of counsel, and require no further response. To the extent that further response is required, the City denies the allegations in paragraph 304.

## COUNT VI

305.    Answering the allegations contained in paragraph 305, the City incorporates by reference all preceding paragraphs of this Answer as if fully restated herein. Except as expressly admitted, the City denies the allegations in paragraph 305.

306.    Answering the allegations contained in paragraph 306, these allegations consist of legal theories and conclusions and require no further response. To the extent that further response is required, the City denies the allegations in paragraph 306.

307.    Answering the allegations contained in paragraph 307, the City denies each and every allegation in this paragraph.

308.    Answering the allegations contained in paragraph 308, the City admits that it disputes Plaintiffs' contention that it has violated any legal duties, rights, or obligations. Except as expressly admitted, the City denies each and every allegation in paragraph 308.

## COUNT VII

309.    Answering the allegations contained in paragraph 309, the City incorporates by reference all preceding paragraphs of this Answer as if fully restated herein. Except as expressly admitted, the City denies the allegations in paragraph 309.

310.     Answering the allegations contained in paragraph 310, the City denies each and every allegation in this paragraph.

311.     Answering the allegations contained in paragraph 311, the San Francisco Planning Code and the Planning Commission's actions on the Revised Project are in the public record and speak for themselves, and the allegations in paragraph 311 consist of legal theories and conclusions that require no further response. To the extent that further response is required, the City denies each and every allegation in the paragraph.

312.     Answering the allegations contained in paragraph 312, the City denies each and every allegation in this paragraph.

313.     Answering the allegations contained in paragraph 313, the City denies each and every allegation in this paragraph.

314.     Answering the allegations contained in paragraph 314, the City denies each and every allegation in this paragraph.

315.     Answering the allegations contained in paragraph 315, these allegations consist of legal theories and conclusions and require no further response. To the extent that further response is required, the City denies the allegations in paragraph 315.

**COUNT VIII**

316.     Answering the allegations contained in paragraph 316, the City incorporates by reference all preceding paragraphs of this Answer as if fully restated herein. Except as expressly admitted, the City denies the allegations in paragraph 316.

317.     Answering the allegations contained in paragraph 317, the City denies each and every allegation in this paragraph.

**ANSWER TO REQUEST FOR RELIEF**

The City denies that Plaintiffs are entitled to any of the relief sought or to any relief based on the Complaint.

**ANSWER TO DEMAND FOR JURY TRIAL**

The City denies that a trial by a jury is warranted in this action.

///

**AFFIRMATIVE DEFENSES**

The City alleges on information and belief the following affirmative defenses. By setting forth these affirmative defenses, the City does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs with the Plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

**(Abstention)**

As a separate and affirmative defense, the City alleges that the Complaint should be stayed based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) or *Wilton v. Seven Falls Co.*, 463 U.S. 545 (1983) and the Notice of Pendency of Other Action or Proceeding filed with this Court (Dkt 20).

The City also incorporates by reference its answer to paragraph 232 of the Complaint, as if fully restated herein, admitting and clarifying the Complaint's reference to the state action pending in San Francisco Superior Court—*Yes In My Back Yard et al. v. City and County of San Francisco et al.* (Case No. CPF-21-517651)— related to this case.

**SECOND AFFIRMATIVE DEFENSE**

**(Abstention)**

As a separate and affirmative defense, the City alleges that the Complaint should be dismissed, in whole or in part, based on the abstention doctrine set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), the Notice of Pendency of Other Action or Proceeding filed with this Court (Dkt 20), and paragraph 232 of this Answer, incorporated by reference as if fully restated herein.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

As a separate and affirmative defense, the City alleges that the Complaint should be denied, in whole or in part, because Plaintiffs failed to state facts sufficient to constitute a cause of action under applicable law.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### (Exhaustion of Remedies)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred, because Plaintiffs have failed to exhaust available administrative, judicial, and other state law remedies.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a separate and affirmative defense to the Complaint, the City alleges that Plaintiffs lack standing to bring this Complaint and each claim contained in it.

## SEVENTH AFFIRMATIVE DEFENSE

### (Ripeness)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, fails because Plaintiffs' claims, and each of them, are unripe and/or premature, such that any claim for relief Plaintiffs may have is barred by law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of res judicata and collateral estoppel.

///

## NINTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of waiver and estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint is barred, in whole or in part, because the challenged actions were undertaken in good faith, were neither arbitrary nor capricious, were a proper exercise of discretion, and represented a good faith and reasonable construction of San Francisco ordinances and codes as to which the City is entitled to deference. The City and its employees, agents, and officials acted with both subjective and objective good faith and without malice, such that any claim for relief Plaintiffs may have is barred by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, fail because the conduct of the City and its employees, agents, and officials was at all material times herein privileged and/or justified under applicable law, such that any claim for relief Plaintiffs may have is barred by law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint is barred, in whole or in part, under the doctrines of unclean hands.

///

///

///

///

1
2

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

3
4
5

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred under the doctrines of laches.

6
7

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Comply with California Government Claims Act)

8
9
10
11

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation stated therein, whether considered singly or in any combination, is barred, because Plaintiffs have failed to comply in a timely manner with all relevant sections of the California Government Claims Act.

12
13

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

14
15
16

As a separate and affirmative defense, the City alleges that the Complaint fails, in whole or in part, because Plaintiffs failed to use reasonable diligence to mitigate damages allegedly sustained by it, and said failure bars or reduces the recovery, if any, from the City.

17
18

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

19
20
21
22

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint fails, in whole or in part, because Plaintiffs knowingly, voluntarily, and unreasonably assumed the risk of the conduct, event and matters alleged in the Complaint, and any damage or injury, if any, there were, sustained by Plaintiffs was the proximate result of the risks so assumed.

23
24

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Separation of Powers)

25
26

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint is barred, in whole or in part, under the separation of powers doctrine.

27

///

28

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

As a separate and affirmative defense to the Complaint, the City alleges that to the extent the Complaint seeks punitive damages, such recovery is not allowed in this action, because punitive damages are not recoverable against a municipality.  *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247 (1981).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint is barred, in whole or in part, because this Court lacks subject matter jurisdiction over the claims alleged in Plaintiff's Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Case or Controversy)

As a separate and affirmative defense to the Complaint, the City alleges that the Complaint and each and every allegation contained therein, whether considered singly or in any combination, does not present a case or controversy

## ADDITIONAL AFFIRMATIVE DEFENSES

The City presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  The City reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**WHEREFORE**, the City prays for judgment as follows:

    1.     That Plaintiffs take nothing by their Complaint.

    2.     The Complaint be dismissed with prejudice and judgment entered in favor of the City.

///

///

///

///

3.      That the City be awarded attorneys' fees and costs incurred in this action.

4.      For such other and further relief as the Court may deem just.


Dated:  May 16, 2022                         DAVID CHIU
                                             City Attorney
                                             AUDREY W. PEARSON
                                             KATHY J. SHIN
                                             Deputy City Attorneys


                                      By:/s/ KATHY J. SHIN
                                             KATHY J. SHIN

                                             Attorneys for Defendant
                                             CITY AND COUNTY OF SAN FRANCISCO

# PROOF OF SERVICE

I, LAUREN SKELLEN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, City Hall, Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

On May 16, 2022, I served the following document(s):

## ANSWER TO COMPLAINT

on the following persons at the locations specified:

David A. Ericksen                              Roman P. Storzer
Joshua A. Cohen                                1025 Connecticut Avenue, N.W.
Collins + Collins LLP                          Washington, DC 20036
2175 N. California Blvd., Suite 835
Walnut Creek, CA  94596
                                               storzer@storzerlaw.com

dericksen@ccllp.com
jcohen@ccllp.com

in the manner indicated below:

☒  **BY ELECTRONIC MAIL:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above.  Such document(s) were transmitted *via* electronic mail from the electronic address:  lauren.skellen@sfcityatty.org ☒ in portable document format ("PDF") Adobe Acrobat or ☐ in Word document format.    OR

☒  **BY ELECTRONIC MAIL:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be served electronically through CM/ECF.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed May 16, 2022, at San Francisco, California.

                                               /s/ LAUREN SKELLEN
                                               LAUREN SKELLEN