1   Robin N. Pick, (SBN 229611)
2   Roman P. Storzer, *admitted pro hac vice*
    Storzer & Associates, P.C.
3   9433 Common Brook Rd, Ste. 208
    Owings Mills, MD 21117
4   Tel: 410.559.6325
5   pick@storzerlaw.com
    storzer@storzerlaw.com
6
    David A Ericksen, Esq., (SBN 153923)
7   Joshua A. Cohen, Esq., (SBN 180293)
8   Collins + Collins LLP
    1999 Harrison St., Ste. 1700
9   Oakland, CA 94612
    Tel: 510.844.5100
10  dericksen@ccmslaw.com
11  jcohen@cllp.law
12  Attorneys for Plaintiffs
    [*Additional Counsel Listed on Signature Page*]
13

14              **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16                    **OAKLAND DIVISION**

17                                    )
18                                    )   Case No. 4:22-cv-01608-YGR
    FIFTH CHURCH OF CHRIST, SCIENTIST, )
19                                    )   **JOINT CASE MANAGEMENT**
    IN SAN FRANCISCO, CALIFORNIA, *et al.,* )   **STATEMENT & [PROPOSED] ORDER**
20                                    )
21          Plaintiffs,              )
                                      )
22                                    )
                                      )
23          v.                       )
                                      )
24  CITY AND COUNTY OF SAN           )
                                      )
25  FRANCISCO, *et al.,*             )
                                      )
26          Defendants.              )
                                      )
27                                    )
                                      )
28  _____ )

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the _Standing Order for All Judges of the Northern District of California_ and Civil Local Rule 16-9.

## 1. Jurisdiction & Service

_The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service._

**Plaintiffs:** This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4), and 42 U.S.C. §§ 2000cc, *et seq.*; jurisdiction to provide declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202; and supplemental jurisdiction over claims brought under California law under 28 U.S.C. § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

**Defendant:** Defendant City and County of San Francisco—sued herein as City and County of San Francisco, City and County of San Francisco Planning Commission, and San Francisco Board of Supervisors (collectively "the City")—has filed a Notice of Pendency of Other Action or Proceeding (ECF No. 20). In light of the parallel state court proceeding described in the Notice, this Court should abstain from exercising its jurisdiction until the state proceeding is resolved. Plaintiffs have not served Petitioner-Plaintiffs in the state action, the nonprofit corporation Yes In My Back Yard ("YIMBY") and Sonja Trauss, and Real Party in Interest Tenderloin Housing Clinic ("THC"), who are required parties in this case.

## 2. Facts

_A brief chronology of the facts and a statement of the principal factual issues in dispute._

**Plaintiffs -** Plaintiff Fifth Church of Christ, Scientist in San Francisco ("Church") lacks a building that can adequately accommodate its religious exercise and has been seeking to construct a new house of worship since 2013. The proposed project ("Project")—which includes a new church building and Christian Science Reading Room that will meet the religious needs of the Church, in addition to 316 group housing units—has faced extreme and unreasonable delays in the land use approval process by Defendants and was ultimately denied by the Board of Supervisors ("Board"), who overturned the Project's approval on appeal. As a result, the Church's religious exercise is severely impeded.

The Church cannot fulfill its religious mission in its current structure and seeks to replace its current building with a place of worship that will accommodate its religious exercise. The Church's building on a blighted street-front and alleyway that regularly attracts violence and drug use in front of the Church, prevents it from offering a welcoming environment and blocks members' access to the Church. Tent encampments adjacent to the building block access to the Church's entrances. Members and staff have been attacked, threatened and subjected to racist slurs. For years, the Church has sought to replace its current structure with a new house of worship, Christian Science Reading Room, and housing that will animate the block and eliminate the blight that fosters unsafe and unwelcoming conditions for Church members.

Plaintiffs also seek to construct affordable and workforce housing on its property, which is desperately needed in the Tenderloin neighborhood and which will enable the Church to fulfill its specific religious mission of serving its local community by providing safe and dignified housing and bringing healing to the neighborhood.

The disapproval of the Project has blocked the construction of new housing in the Tenderloin, including affordable housing, and is part of a larger attack on group housing in the City. The denial of the Project and subsequent actions taken to restrict group housing City-wide have a disproportionate impact on racial minorities and families with children, which is statistically significant and severe, and takes place amidst a housing crisis "of historic proportions."

**Defendant**: In November 2018, the City and County of San Francisco ("City") approved Plaintiffs' application to demolish three existing buildings (containing a church, commercial uses, and five residential units) at 450-474 O'Farrell Street and 532 Jones Street (the project site), merge the three lots into a single parcel, and construct a new 13-story (130-foot) mixed-use building that would include residential, religious, and commercial uses. This project (the "Original Project") required a conditional use authorization ("CUA") because it did not otherwise comply with applicable, objective zoning standards under the San Francisco Planning Code, including the standards for building height, bulk, and rear yard space. (A CUA allows the San Francisco Planning Commission, and the Board of Supervisors on appeal, to approve uses or projects that may be "necessary or desirable" in a particular neighborhood, but which are not allowed as a matter of right within a particular zoning district.) The Planning Commission approved, and the Board on appeal affirmed, a CUA for the Original Project.

In January 2020, Plaintiffs sought to revise the approved project, primarily by changing its residential character and replacing the previously approved 176 Dwelling Units with 316 Group Housing rooms (hereafter the "Revised Project"). In general, the Planning Code defines a Dwelling Unit as a room or suite of rooms designed for

occupancy by one family with one kitchen. Group Housing refers to lodging with limited kitchen facilities that does not qualify as a Dwelling Unit. Examples of Group Housing include a residential hotel, guesthouse, boarding house, commune, or fraternity or sorority house. Most of the Revised Project would consist of Group Housing rooms with a maximum gross floor area of 350 square feet, which Plaintiffs expected to rent at approximately $3,500 per month.

Like the Original Project, the Revised Project required exceptions from applicable Planning Code standards for building height, bulk, and rear yard space, and also required amending the conditions of approval in the original CUA issued to Plaintiffs. Amending the conditions of approval in a CUA requires a public hearing before and authorization by the Planning Commission, and the Board of Supervisors on appeal.

In June 2021, the Planning Commission approved Plaintiffs' application for an amended CUA. The Tenderloin Housing Clinic ("THC") appealed this approval to the Board of Supervisors ("Board"), stating, among other reasons to reverse the approval, that the neighborhood was already saturated with market rate Group Housing projects, which came at the expense of family-sized housing units, and that the project failed to address the issue of overcrowding for families in the Tenderloin. THC thus challenged the Revised Project as not "necessary or desirable" for the community, the threshold determination for a CUA under Section 303 of the Planning Code. In October 2021, following a duly noticed public hearing, the Board upheld THC's appeal and reversed the Planning Commission's decision to approve Plaintiffs' application for an amended CUA.

In January 2022, YIMBY and Sonja Trauss filed a petition for writ of mandamus and complaint in San Francisco Superior Court, challenging the Board's decision on

THC's appeal. Plaintiff Fifth Church of Christ, as the owner of the property comprising the project site, and Plaintiff Forge Development Partners, LLC are named as real parties in interest, as is THC.

On April 4, 2022, THC filed an answer in the state court proceeding. On May 19, 2022, the City certified the administrative record and filed a demurrer to the amended petition and complaint. The City's demurrer is scheduled to be heard on July 27, 2022.

### 3. <u>Legal Issues</u>

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiffs**: Plaintiffs allege violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*.; the First Amendment's Free Exercise Clause, 42 U.S.C. § 1983; the Fair Housing Act, 42 U.S.C. § 3604; the California Housing Accountability Act (Gov't Code §§ 65589.5, *et seq*.); the San Francisco Planning Code (Planning Code); and seeks a writ of mandamus pursuant to the California Civil Code of Procedure (CCP § 1094.5).

**Defendants:** This action arises from the City's final decision on Plaintiffs' application for an amended CUA, following an administrative appeal by THC. Plaintiffs' requested relief – namely "an order overturning the Board's granting of the subject conditional use appeal" and damages—is substantially similar to, if not taken verbatim from, the petition and complaint in the parallel state proceeding. Therefore, to avoid conflicting results and conserve public resources, this Court should either stay or dismiss the present action until the state court proceeding is resolved. Moreover, if this action is to proceed, parties to the state action must be joined as required parties.

**4. Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

      **Plaintiffs:** There are no prior or pending motions at this time.

      **Defendant**: The City anticipates filing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

**5. Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

      **Plaintiffs:** If the parties do not achieve settlement, Plaintiffs will propose a new deadline of May 1, 2024 to amend the pleadings.

      **Defendant:** The City has informed Plaintiffs that the parties to the state action are required parties. The Complaint must be amended to join these parties, and the City may seek leave to amend its Answer to the Complaint (ECF No. 21) to include additional defenses. The City proposes a deadline to amend pleadings of June 30, 2023.

**6. Evidence Preservation**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

      Counsel for Plaintiffs and Defendant have reviewed the Court's ESI Guidelines and have agreed to on-going meet and confer discussions regarding the same pursuant to Federal Rule of Civil Procedure 26(f) and the Northern District's Checklist for ESI.

**7. Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

Plaintiffs and Defendants exchanged initial disclosures regarding discoverable information, custodians, documents, damages calculations, and insurance, as specified in Fed. R. Civ. P. 26(a)(1) on July 5, 2022.

**8. Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been conducted, and no discovery disputes have been identified, to date.

**Discovery Plan:** There will be no changes in timing, form, or requirements of mandatory disclosures under Federal Rule of Civil Procedure 26(a). Plaintiffs anticipate that discovery will be needed on the following subjects: Plaintiffs' proposed Project; Plaintiffs' land use applications and application process; Defendants' delays in processing and deciding Plaintiffs' applications; appeals of Plaintiffs' conditional use approvals; opposition to Plaintiffs' proposed Project; Defendants' land use laws, policies, and procedures; Plaintiffs' proposed religious use; Plaintiffs' use of property; discriminatory treatment of Plaintiffs; group housing in San Francisco, including opposition to group housing and efforts to limit and/or eliminate group housing from the City; demographics of the Tenderloin; demographics of the City; affordable housing in the City; need for family housing in the City and Tenderloin neighborhood; any asserted governmental interest(s) supporting the challenged conduct; any alternative means considered or available to achieve such asserted governmental interest(s); the existence and regulation of religious land uses within the City's jurisdiction; the existence and regulation of assembly and institutional land uses within the City; the existence and

regulation of land uses in the zoning district and the vicinity in which Plaintiffs' proposed religious land use would occur; the adoption and application of the zoning code provisions applied to Plaintiffs; any litigation in which the parties have been involved; the disputed factual allegations set forth in the Complaint.

The Parties will continue to confer regarding a proposed ESI order specifying the forms in which the ESI should be produced and a stipulation regarding inadvertent disclosure of privileged material. If either party deems it necessary, the parties will also confer regarding a protective order regarding confidentiality.

Plaintiffs will request permission to conduct 30 depositions and serve 25 interrogatories to each Defendant. Plaintiffs believe they will need to exceed the one-day/seven-hour limitation for their 30(b)(6) deposition of each Defendant to two seven-hour days; the amount of time to be determined by the parties who will confer beforehand on such limitations.  Expert depositions shall not commence until after expert reports are served as described below and conclude by the end of expert discovery.

The City does not believe Plaintiffs' proposal for 30 depositions per side and double the default maximum deposition times under Fed. R. Civ. P. 30(b)(6) is reasonable or proportional to the needs of the case. As discussed above, the City believes Plaintiffs should bring any claims they have in the earlier-filed state action, and this case should be stayed or dismissed. If this case proceeds, the City may seek discovery regarding Plaintiffs' claims and the City's defenses, including the facts and legal issues described in the City's portions of Sections 1–3 above.

Experts

Plaintiffs anticipate that expert testimony will be necessary and intend to call one

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

or more expert witnesses at trial. The City believes that it is too early in the litigation to determine whether expert testimony will be appropriate or necessary.

Plaintiffs' Position: RLUIPA provides that plaintiffs and defendants have the burden of persuasion on different elements of a claim under the statute. If a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc of this title, the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion. 42 U.S.C. § 2000cc-2(b).

As such, Plaintiffs believe that each party should simultaneously serve their initial expert reports related to those elements on which they have the burden of persuasion, and the opposing party should have the opportunity to then serve expert reports in response. . If a settlement is not reached, Plaintiffs will propose new dates for expert discovery.

**Defendant:** The City believes that it is premature to set an expert discovery schedule including because Plaintiffs have refused to join required parties under Fed. R. Civ. P. 19, such that this case should be stayed or dismissed in favor of the earlier-filed state court action in which all required parties are already involved. If the Court is inclined to set an expert discovery schedule, the City proposes the schedule set out in Section 17 below.

**9. Class Actions**

N/A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**10. <u>Related Cases</u>**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The parties disagree as to whether *Yes In My Back Yard et al. v. City and County of San Francisco, et al.*, Case No. CPF-21-517651 (San Francisco Superior Court Compl. filed December 30, 2021) is a related case as specified in the Standing Order for All Judges of the Northern District of California re the Contents of a Joint Case Management Statement ("CMS Standing Order"). The parties agree that no related cases, as defined in Civil L.R. 3-12(a)(2), are pending before *this court* at this time.  Defendant, however, asserts that the parallel state proceeding is a related case per the CMS Standing Order, as set forth in Defendant's Notice of Pendency of Other Actions (ECF No. 20) and Civil L.R. 3-13(a). Plaintiffs assert that it is not, as set forth in their Statement Opposing Defendants' Notice of Pendency of Other Actions. (ECF No. 23).

**11. <u>Relief</u>**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**Plaintiffs:** Plaintiffs seek the following relief:

A declaration that Defendants' actions in delaying approval of the Project, and the Board's granting the appeal and denying the conditional use authorization, are illegal and unconstitutional on the ground that they burden the Church's religious exercise without being the least restrictive means of fulfilling a compelling governmental interest, thereby violating the Free Exercise Clause of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000; a declaration that the Defendants' actions as alleged in the Complaint violate the Fair

Housing Act, 42 U.S.C. § 3604; a preliminary and permanent injunction overturning the Board's granting of the subject conditional use appeal and preventing Defendants from illegally and unconstitutionally preventing the Plaintiffs from completing their Project, including, but not limited to, enjoining Defendants from applying the City's land use laws in a manner that substantially burdens Plaintiffs' religious exercise and discriminates against racial minorities and families with children, and enjoining Defendants from preventing Plaintiffs' exercise of constitutional and statutory rights; a writ of mandate or other appropriate relief, whether by injunction, declaration, or order, commanding Defendants to comply with the Housing Accountability Act with respect to the proposed Project, including, but not limited to, an order that the Project is deemed compliant with all "applicable, objective general plan, zoning, and subdivision standards and criteria, including design review standards, in effect at the time that the application was deemed complete" as a matter of law; an order overturning the Board's granting of the subject conditional use appeal (Board of Supervisors File No. 210858); an order commanding Defendants to approve the subject Project pursuant to Gov. Code § 65589.5(k)(1)(A)(ii); An award to Plaintiffs of full damages, costs, and attorney's fees arising from the Defendants' illegal and unconstitutional actions; including reasonable attorney's fees under Code of Civil Procedure § 1021.5 and Gov. Code § 65589.5; an award of monetary damages; and such other and further relief as this Court may deem just and appropriate.

**Defendant:** The City seeks dismissal of the complaint, denial of all remedies sought by Plaintiffs, and judgment in the City's favor, including an award of attorneys' fees and costs.

## 12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

**Plaintiffs:** The parties have been engaging in settlement efforts with the assistance of Magistrate Judge Donna M. Ryu.

**Defendant:** The parties are actively pursuing settlement under Magistrate Judge Donna M. Ryu's direction and propose to complete the process by taking a revised project application to the Planning Commission.

## 13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* _____ YES _____ NO

Not all parties consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

## 14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties have not agreed to narrow any issues or stipulate to any facts.

## 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for*

1

*Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

2

This type of case is not suitable for the Court's expedited trial procedure.

3

**17. Scheduling**

4

5

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

6

**Plaintiffs:** If the parties are not able to achieve a settlement, Plaintiffs propose

7

that fact discovery commence immediately upon termination of settlement efforts. If a

8

settlement is not reached, Plaintiffs will propose new dates based on the date that

9

10

settlement efforts terminate.

11

**Defendant:** If the parties are unable to settle their dispute and the Court is not

12

inclined to grant further extensions of time for the City's deadline to file an MJOP, the

13

City proposes the following schedule for the Court's approval:

14

15

- City files a motion under Fed. R. Civ. P. 12(c) by April 28, 2023

16

- Hearing on Rule 12 motions by June 6, 2023

17

- Joinder of required parties and amendment of pleadings by June 30, 2023

18

- Completion of factual discovery by April 1, 2024

19

20

- Disclosure of proposed expert or other opinion witnesses pursuant to Fed. R.

21

  Civ. P. 26(a)(2), and supplementation of such disclosures by April 22, 2024

22

- Completion of rebuttal expert reports by June 7, 2024

23

- Completion of expert discovery by July 5, 2024

24

- Hearing of dispositive motions by September 24, 2024

25

- Final pretrial conference by November 8, 2024

26

- Trial by December 2, 2024

27

28

**18. __Trial__**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiffs have demanded a jury trial. The trial length is not yet known.

**19. __Disclosure of Non-party Interested Entities or Persons__**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**Plaintiffs:** Plaintiffs filed a certificate on March 14, 2022, in Document 2, and identify the following entities, and unnamed interested persons:  1. FIFTH CHURCH OF CHRIST, SCIENTIST, IN SAN FRANCISCO, CALIFORNIA, a California religious corporation; 2. FORGE DEVELOPMENT PARTNERS LLC, A California Limited Liability Company; 3. TL 450, LLC, A California Limited Liability Company

**Defendant:** The City, as a governmental entity, is not required to file a disclosure under Civil L.R. 3-15. The City has, however, informed Plaintiffs that their filing, which only identifies Plaintiffs as interested entities, is deficient. Parties to the parallel state proceeding – YIMBY, Sonja Trauss, and THC – have an interest that could be substantially affected by the outcome of this action, and, as stated above, are required parties herein.

**20. __Professional Conduct__**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for Plaintiffs and Defendants have reviewed the Guidelines.

**21. Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

   None that are known as of this statement's writing.


Dated:                                         **STORZER & ASSOCIATES, P.C.**

                                               ___/s/ Robin N. Pick_____
                                               Robin N. Pick, (SBN 229611)
                                               Roman P. Storzer, *admitted pro hac vice*
                                               9433 Common Brook Rd, Ste. 208
                                               Owings Mills, MD 21117
                                               Tel: 410.559.6325
                                               Fax: 202.315.3996
                                               pick@storzerlaw.com
                                               storzer@storzerlaw.com


                                               **COLLINS + COLLINS LLP**
                                               Joshua A. Cohen, Esq., (SBN 180293)
                                               790 E. Colorado Blvd., Ste. 600
                                               Pasadena, CA 91101
                                               Tel: 626.243.1100
                                               Fax: 626.243.1111
                                               jcohen@cllp.law

                                               **COLLINS + COLLINS LLP**
                                               David A Ericksen, Esq., (SBN 153923)
                                               1999 Harrison St., Ste. 1700
                                               Oakland, CA 94612
                                               Tel: 510.844.5100
                                               Fax: 510.844.5101
                                               dericksen@ccmslaw.com

                                               *Counsel for Plaintiffs*


Dated:                                         **SAN FRANCISCO CITY ATTORNEY'S OFFICE**

                                               ___/s/ Kathy J. Shin_____
                                               Audrey W. Pearson (SBN 178414)
                                               Kathy J. Shin (SBN 318185)
                                               1 Dr. Carlton B. Goodlett Place, Rm 234
                                               San Francisco, CA 94102

1

2

Tel: 415.554.4621
Fax: 415.554.4757
audrey.pearson@sfcityatty.org
kathy.shin@sfcityatty.org

3

4

*Counsel for Defendants*

5

6

7

## CASE MANAGEMENT ORDER

8

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

9

approved as the Case Management Order for this case and all parties shall comply with

10

its provisions. [In addition, the Court makes the further orders stated below:]

11

12

13

IT IS SO ORDERED.

14

Dated: _____

15

JUDGE YVONNE GONZALEZ ROGERS

16

UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28